# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAE HENDERSON, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY Y. HAMILTON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:21-cv-00697-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER<br><br>(Doc. 3)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff Dae Henderson, Jr., a prisoner proceeding pro se, filed a complaint on April 28, 2021, along with a "Notice of Surety Bond and Request to Proceed with Accompanying Court Papers Without Prepayment of Costs." (Docs. 1, 2.) On May 3, 2021, the undersigned issued an order identifying several deficiencies in Plaintiff's application to proceed without the prepayment of fees, providing him with another application form to proceed *in forma pauperis* ("IFP"), and directing him to file an amended IFP application that corrects the identified deficiencies within thirty days. (Doc. 3.) More than thirty days have lapsed without Plaintiff having filed an amended IFP application.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court

of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within twenty-one (21) days of the date of service of this order why the action should not be dismissed for his failure comply with the Court's order and for his failure to prosecute this action. Alternatively, within that same time, Plaintiff may either file an amended IFP application, or pay the $402.00 filing fee for this action.

IT IS SO ORDERED.

Dated:   **June 14, 2021**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE